UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CHARLES F. McVAY
UNITED STATES TRUSTEE
ELLEN M. HICKMAN, ATTORNEY
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650
Facsimile: (713) 718-4670
ellen.hickman@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| IN RE: | § | CASE NO. |
|---|---|---|
|  | § |  |
| JOSEPH V. ZAPATA and | § | 09-37614-H3-11 |
| MERIH O. ZAPATA | § |  |
|  | § |  |
| and | § |  |
|  | § |  |
| WYNDEHAVEN TERRACE BANQUET | § | 09-39354-H3-11 |
| FACILITIES, INC. | § |  |
|  | § |  |
|     DEBTORS | § | Jointly Administered |
|  | § | 09-37614-H3-11 |

**MOTION OF UNITED STATES TRUSTEE TO CONVERT TO CHAPTER 7**
**OR, IN THE ALTERNATIVE, TO DISMISS**
**AND NOTICE OF HEARING**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file the response with the United States Bankruptcy Court, 515 Rusk, Houston, TX 77002 and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the haring.**

**Represented parties should act through their attorney.**

**A hearing has been set on this Motion on AUGUST 10, 2010 at 1:30 P.M. in Courtroom 401,**

**515 Rusk, Houston, TX 77002.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, THE UNITED STATES TRUSTEE ("UST"), through the undersigned attorney, who respectfully moves this Court under 11 U.S.C. §1112(b) for an order converting these cases to Chapter 7 of title 11 or, in the alternative, dismissing these Chapter 11 cases. In support thereof, the UST represents as follows:

### I. Jurisdiction

1. Charles F. McVay is the United States Trustee for the Southern and Western Districts of Texas.

2. The UST is an officer of the United States Department of Justice. 28 U.S.C. §581. His duties are set forth in 28 U.S.C. §586, 11 U.S.C. §307, and throughout the Bankruptcy Code. 11 U.S.C. §101 et. seq.

3. One significant responsibility of the UST is to supervise the administration of cases under Chapter 11 of the Bankruptcy Code. 28 U.S.C. §586. One of the duties specifically enumerated is the monitoring of the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. §586(a)(3)(G).

4. The Court has jurisdiction of this matter under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1) and 28 U.S.C. §151. This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

### II. Factual Background

5. Joseph V. Zapata and Merih O. Zapata ("Zapatas") commenced case 09-37614-H3-11

by filing a voluntary petition under chapter 11 on October 6, 2009.

6. On January 6, 2010, an order was entered in case 09-37614 authorizing the employment of Corey L. Mills and P. Blake Henshaw of the firm of Mills & Henshaw, PLLC (Dkt.#38) as counsel.

7. Among other assets, the Zapatas disclosed the following interests: (a) 30406 Highland Ct, Magnolia, TX ("homestead"), valued at $56,030; (b) business property at 12716 Cutten Rd, Houston, TX, valued at $1,250,000.00; (c) some other tracts of land near the homestead; (d) 100% ownership of Wyndehaven Terrace Banquet Facilities, Inc. with an unknown value; and (e) vehicles consisting of a 2006 Ford Focus, 2008 Ford Focus, 2007 Harley Davidson and 2008 Harley Davison.

8. In the schedules of liabilities, the Zapata disclosed secured claims of $1,030,342.24, general unsecured claims of $42,076.54[1], and no priority claims.

9. It was disclosed on Schedule I that Mr. Zapata had been employed for nine months as a production supervisor at Highland Plastics, Inc. and that Mrs. Zapata had been employed as president of Wyndehaven Terrace Banquet Facilities, Inc. for six years receiving salary of $4,000 per month and income from real property of $2,389.19.

10. Wyndehaven Terrace Banquet Facilities, Inc. ("Wyndehaven") commenced case 09-39354-H1-11 by filing a voluntary petition under chapter 11 on December 7, 2009. On the petition, Wyndehaven designated that it was a small business debtor pursuant to §101(51D).

11. Wyndehaven's petition was signed by Merih O. Zapata as President, and Merih O. Zapata appeared and testified at the 341 meeting held January 7, 2010.

12. Among its assets, Wyndehaven scheduled personal property valued at $22,725.00 and

---

[1] Per Docket No. 49, Amended Schedule F filed 1/28/10.

*Motion To Convert or Dismiss - Page 3*

liabilities consisting of secured debt of $106,912.54, priority debt for payroll taxes of $10,000.00 and unsecured debt of $867,105.64[2]

13. On Schedule G filed by Wyndehaven, a business space lease was scheduled as between Merih O. Zapata and Wyndehaven.

14. On March 30, 2010, an order was entered in 09-39354 granting the application to employ Margaret McClure as counsel for Wyndehaven (Dkt.#39).

15. On January 14, 2010, an order was entered granting joint administration of the two cases, and the Wyndehaven case was transferred to this court. The Zapatas and Wyndehaven are collectively referred to as "Debtors".

16. On February 4, 2010, an order was entered in the Zapatas' case extending exclusivity to June 5, 2010 (Dkt.#53).

17. As a small business debtor, Wyndehaven's exclusivity is 180 days. 11 U.S.C. 1121(e).

18. Neither debtor has filed a disclosure statement and plan of reorganization, and it is more than 180 days after the date of the order of relief entered in each case. Upon information and belief, the Debtors have not sought any extension of the exclusivity period in which to file a disclosure statement and plan of reorganization.

19. The Debtors are not current in reporting on their financial activities as required by Sec. 308 of the Bankruptcy Code and Bankruptcy Local Rule 2015-3.

   a. The last monthly financial report filed by the Zapatas is for the month of February, 2010 (Dkt.#66). The Zapatas are delinquent in the filing of financial reports with

---

[2] Two guaranty claims of $316,379.17 and $524,559.19 were scheduled as owed to Trustmark National Bank.

the Court for the periods of March, April, and May, 2010. The report for the month of June, 2010 is due on or before July 20, 2010. It is noted in the February, 2010 financial reports that Merih Zapata signed under penalty of perjury that all post-petition liabilities, including taxes were being paid within terms and all U. S. Trustee Quarterly Fee Payments were current. The report does not indicate that any income from real property had been received since filing.

        b.      The last monthly operating report filed by Wyndehaven is for the month of April, 2010. Wyndehaven is delinquent in the filing of operating reports with the Court for the month of May, 2010 (Dkt.#78). The report for the month of June, 2010 is due on or before July 20, 2010. It is noted in the May, 2010 report that Joseph V. Zapata signed under penalty of perjury that Wyndehaven is not paying its employees on time and is not paying U. S. Trustee quarterly fees.

20.     The financial report filed by the Zapatas does not disclose any payments to secured creditors for any real property or the receipt of any rental income. The monthly report filed by Wyndehaven does not appear to reflect any lease payments for use of the premises. If these payments are being made, then the reports are deficient in not disclosing all disbursements so that U. S. Trustee quarterly fees can be correctly assessed. If these payments are not being made, then the Debtors are not keeping current on post-petition obligations as debts are incurred.

21.     Pursuant to 28 U.S.C. § 1930(a)(6), each debtor is obligated to pay to the United States Trustee a minimum of $325.00 for each quarterly period, including any fraction thereof, that each case is pending in chapter 11 until each case is converted or dismissed, whichever first occurs. Each case has been pending since the fourth quarter 2009.

22. Upon information and belief, neither debtor has paid any quarterly fees while these cases have been pending in chapter 11.

### III. Relief Sought

23. The UST seeks an order pursuant to 11 U.S.C. §1112(b)(1) converting these jointly administered cases to chapter 7, or alternatively dismissing the cases from chapter 11 for failure to file a disclosure statement and plan, failure to keep current in reporting monthly on their financial activity and failure to pay quarterly fees.

### IV. Basis for Relief

24. 11 U.S.C. §1112(b)(1) provides that the Court shall convert or dismiss a case if the movant establishes cause. Section 1112(b)(4) sets forth the grounds in which a party-in-interest or the United States Trustee may convert or dismiss a case, for cause, including-

  (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

  (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

  (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

  (K) failure to pay any fees or charges required under chapter 123 of title 28;

25. Furthermore, BLR 1017-2 sets forth the grounds for dismissal for "want of prosecution" which include, but are not limited to:

  (7) the debtor's lack of diligent, prompt prosecution through filing of a plan late, missing or incomplete disclosure statement or other document required by the code, rules or orders;

  (10) unpaid U.S. trustee quarterly fees.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting these cases to chapter 7 or, in the alternative, dismissing these cases, and award any and all further relief as may be equitable and just.

Dated: July 13, 2010

Respectfully submitted,

CHARLES F. McVAY
UNITED STATES TRUSTEE

By: /s/ *Ellen M. Hickman*
    Ellen M. Hickman, #12975800
    515 Rusk, Suite 3516
    Houston, Texas  77002
    Tel. 713/ 718-4650 ext 250
    Fax. 713/718-4680

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION OF THE UNITED STATES TRUSTEE TO CONVERT TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS AND NOTICE OF HEARING was served upon the debtors, counsel for the debtors and parties requesting notice at the addresses shown below, either by ECF or United States mail, first class, postage prepaid, on the 13th day of July, 2010.  Notice of the hearing and the filing of the motion will be served on all creditors by BNC noticing.

/s/ *Ellen M. Hickman*
Ellen M. Hickman, Attorney

Debtors

Joseph V. Zapata
Merih O. Zapata
12716 Cutten Road
Houston, TX 77066

Wyndehaven Terrace Banquet Facilities, Inc.
12716 Cutten Road
Houston, TX 77066

Counsel for Debtors

Corey L. Mills
Mills & Henshaw, PLLC
11767 Katy Freeway, Suite 820
Houston, TX 77079

Margaret M. McClure
Attorney at Law
909 Fannin, Suite 3810
Houston, TX 77010

Parties Requesting Notice

National Bankruptcy Services.Com LLC
Attn: Joe M. Lozano, Jr.
9441 LBJ Freeway, Suite 350
Dallas, Texas 75243

R. Christopher Naylor
Kathryn B. Davis
DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.
4801 Woodway, Suite 420 West
Houston, TX 77056-1805

John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
P. O. Box 3064
Houston, TX 77253-3064

Donald L. Turbyfill
DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.
4801 Woodway, Suite 420 - West
Houston, TX 77056-1805

Howard Marc Spector
Spector & Johnson, PLLC
12770 Coit Road, Suite 1100
Dallas, TX 75251

Michael J. Smith
Chernosky, Smith, Ressling & Smith, PLLC
4646 Wild Indigo, Suite 110
Houston, TX 77027