IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| | § | UNDER |
| JOSEPH V. ZAPATA and | § | CASE NO. 09-37614-H3-11 |
| MERIH O. ZAPATA | § | |
|     Debtors | § | CHAPTER 11 |
| and | § | |
| WYNDEHAVEN TERRACE BANQUET | § | CASE NO. 09-39354 |
| FACILITIES, INC. | § | |
|     Debtor | § | |
| _____ | § | |
| TRUSTMARK NATIONAL BANK | § | |
|     Movant | § | |
| | § | |
| V. | § | |
| | § | |
| JOSEPH V. ZAPATA and | § | |
| MERIH O. ZAPATA and | § | |
| WYNDEHAVEN TERRACE BANQUET | § | |
| FACILITIES, INC. | § | |
|     Respondents | § | |

**MOTION OF TRUSTMARK NATIONAL BANK**
**FOR RELIEF FROM THE STAY**
**(Non-Standard)**

---

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST SEVEN (7) DAYS BEFORE THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON SEPTEMBER 1, 2010 at 10:00 A.M. IN COURTROOM 401, 515 RUSK, HOUSTON, TEXAS 77002.**

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW, Movant TRUSTMARK NATIONAL BANK, *formerly known as*

REPUBLIC NATIONAL BANK *and successor in interest to* HOUSTON SAVINGS BANK, FSB

and ALLIED HOUSTON BANK ("Movant") by its attorney, and files this Motion for Relief From Stay by which it would respectfully show the Court as follows:

1.      Debtors JOSEPH V. ZAPATA and MERIH O. ZAPATA (hereinafter collectively, "Zapatas"), filed a Petition for Relief under Title 11, Chapter 11 of the United States Bankruptcy Code on October 6, 2009.

2.      Debtor   WYNDEHAVEN   TERRACE   BANQUET   FACILITIES,   INC. ("Wyndehaven"), filed a Petition for Relief under Title 11, Chapter 11 of the United States Bankruptcy Code on December 7, 2009.

3.      Zapatas and Wyndehaven are referred to hereinafter jointly as "Debtors".

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §105 and § 362.

5.      This is a core proceeding under 28 U.S.C. §157 (b)(2)(G).

### Secured Debt: Note 51984

6.      On or about September 6, 2000, Debtor MERIH O. ZAPATA ("Merih Zapata") executed in Harris County, Texas, a Promissory Note ("Note 51984") where Merih Zapata promised to pay the sum of $378,956.27, plus a variable rate of interest on the unpaid principal balance.  Merih Zapata agreed to pay the entire unpaid balance of principal and interest on or before September 6, 2005.

7.      A true and correct copy of Note 51984 is attached hereto, marked Exhibit "1", and incorporated by reference herein.

8.      Pursuant to the terms and conditions of Note 51984, in the event of default in the payment of Note 51984 or in the performance of any obligation in any instrument securing or

executed in connection with Note 51984, Note 51984 will become immediately due and payable at the election of the payee.

9.     On September 6, 2000, to further secure payment of Note 51984, and to induce Movant to make the loan to Merih Zapata, Merih Zapata executed an instrument captioned, "Deed of Trust and Security Agreement" ("Note 51984 Deed of Trust"), granting to Movant a lien upon real property owned by Merih Zapata, described as:

> A TRACT OF LAND CONTAINING 3.0 ACRES OF LAND OUT OF LOTS 7 AND 8, IN BLOCK 1 OF INDEPENDENCE GROVE, IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 39A OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS ON EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREON (referred to hereinafter as "Mortgaged Real Property").

10.     A true and correct copy of Note 51984 Deed of Trust bearing the Harris County Clerk's document number U623785, and recorded on September 14, 2000, is attached hereto, marked Exhibit "2", and incorporated by reference herein.

11.     Note 51984 Deed of Trust specifically secures payment of Note 51984, with all renewals, rearrangements, extensions and/or modifications of Note 51984, and further secures

> a.     All other sums of money which may be hereafter paid or advanced by or on behalf of Movant under the terms and provisions of Note 51984 Deed of Trust;
>
> b.     Any additional loans made by Movant to Merih Zapata; and
>
> c.     Any and all other indebtedness, obligations and liabilities of any kind of the Merih Zapata to Movant, now or hereafter existing, absolute or contingent, joint and/or several, secured or unsecured, due or not due, arising by operation of law or otherwise, or direct or indirect, including indebtedness, obligations and liabilities to Movant . . . whether incurred by Merih Zapata as principal, surety, endorser, guarantor, accommodation party or otherwise . . . .

MOTION OF TRUSTMARK NATIONAL BANK FOR RELIEF FROM THE STAY (Non-Standard)          page 3

12.     To further secure payment of Note 51984, and to induce Movant to make the loan to Merih Zapata, Merih Zapata executed an instrument captioned, "Security Agreement" ("Note 51984 Security Agreement"), granting to Movant a security interest in the personal property owned by Merih Zapata, described as accounts; inventory now or hereafter located at 12716 Cutten Road, Houston, Texas 77066; and equipment ("Zapata Business Personal Property").

13.     A true and correct copy of the Note 51984 Security Agreement is attached hereto, marked as Exhibit "3" and incorporated by reference herein.

14.     Note 51984 Security Agreement specifically secures payment of Note 51984, with all renewals, rearrangements, extensions and/or modifications of Note 51984, and further secures any and all other indebtedness, obligations and liabilities of any kind of Merih Zapata to Movant, now or hereafter existing, absolute or contingent, joint and/or several, secured or unsecured, due or to become due and whether existing or hereafter arising, and all future advances as well as any and all other obligations and liabilities of Merih Zapata to Movant, whether now in existence or herafter arising.

15.     To further secure payment of Note 51984, and to induce Movant to make the loan to Merih Zapata, Merih Zapata executed an instrument captioned, "Assignment of Rents and Leases" ("Note 51984 Assignment of Rents") dated September 6, 2000, assigning  to Movant all rents, revenues and any other income of the Mortgaged Real Property, and all the Leases and any other agreements for the use or occupancy of all or any part of the Mortgaged Real Property.

16.     A true and correct copy of the Note 51984 Assignment of Rents is attached hereto, marked as Exhibit "4" and incorporated by reference herein.

17.     On August 6, 2003, to induce Movant to make the loan to Merih Zapata, Joseph Zapata and Wyndehaven executed an instrument captioned, "Guaranty Agreement" ("Note 51984 Guaranty"), wherein Joseph  Zapata and Wyndehaven agreed that in the event of default in the payment at maturity, Joseph  Zapata and Wyndehaven, jointly and severally, absolutely and unconditionally, guaranteed the prompt, complete and full payment at maturity of all sums owing and to be owing on Note 51984, including interest and attorney's fees.

18.     A true and correct copy of the Note 51984 Guaranty is attached hereto, marked as Exhibit "5" and incorporated by reference herein.

19.     On or about September 5, 2003, Merih Zapata executed in Harris County, Texas, a Modification Agreement ("Note 51984 Modification") in which the note payment schedule was modified, but with the maturity date of Note 51984 to remain September 6, 2005.

20.     A true and correct copy of the Note 51984 Modification is attached hereto, marked as Exhibit "6" and incorporated by reference herein.

21.     On or about September 6, 2005, Merih Zapata executed in Harris County, Texas, a Promissory Note ("Note 51984 Renewal") where Merih Zapata promised to pay the sum of $302,238.23, plus a variable rate of interest on the unpaid principal balance.  Merih Zapata agreed to pay the entire unpaid balance of principal and interest on or before September 6, 2008.

22.     Note 51984 Renewal was given in renewal and extension and not in novation of Note 51984.

23.     A true and correct copy of Note 51984 Renewal is attached hereto, marked Exhibit "7", and incorporated by reference herein.

24.    On or about September 6, 2005, Merih Zapata executed in Harris County, Texas, a Modification of Deed of Trust ("Note 51984 Modification of Deed of Trust") in which the Note 51984 Deed of Trust was modified to reflect the terms of the Note 51984 Renewal.

25.    A true and correct copy of Note 51984 Modification of Deed of Trust is attached hereto, marked Exhibit "8", and incorporated by reference herein.

26.    There is now due and owing to the Movant by Merih Zapata on Note 51984, and by Joseph Zapata and Wyndehaven on Note 51984 Guaranty, jointly and severally, an unpaid principal balance of $299,788.77.

27.    Movant is currently the legal owner and holder of Note 51984, Note 51984 Deed of Trust, Note 51984 Security Agreement, Note 51984 Assignment of Rents, Note 51984 Guaranty, Note 51984 Modification, Note 51984 Renewal, and Note 51984 Modification of Deed of Trust.

28.    Merih Zapata is the current owner of record of the Mortgaged Real Property.

29.    Merih Zapata is in default on its obligation to Movant in that Merih Zapata failed to make payment when due pursuant to the terms of Note 51984 as extended.

30.    Joseph Zapata and Wyndehaven are in default on their obligation to Movant under Note 51984 Guarantee in that they have failed to make payment when due pursuant to the terms of Note 51984 and Note 51984 Guarantee.

31.    A copy of the Account Payment History evidencing the nonpayment of Note 51984 is attached as Exhibit "9."

### Secured Guaranteed Debt: Note 42042

32.    On or about April 17, 2002, Wyndehaven executed in Harris County, Texas, U.S. Small Business Administration  Note ("Note 42042") where Wyndehaven promised to pay the sum

of $50,000.00, plus a variable rate of interest on the unpaid principal balance. Wyndehaven agreed to pay the entire unpaid balance of principal and interest seven (7) years from the date of Note 42042 or on April 17, 2009.

33.     A true and correct copy of the Note 42042 is attached hereto, marked Exhibit "10", and incorporated by reference herein.

34.     On April 17, 2002, to further secure payment of the Note 42042, and to induce Movant to make the loan to Wyndehaven, Merih Zapata executed a Deed of Trust and Security Agreement ("Note 42042 Deed of Trust"), granting to Movant lien upon the Mortgaged Real Property.

35.     A true and correct copy of the Note 42042 Deed of Trust bearing the Harris County Clerk's document number V751765, and recorded on April 24, 2002, is attached hereto, marked Exhibit "11", and incorporated by reference herein.

36.     The Note 42042 Deed of Trust specifically defines as "Secured Debt" the Note 42042, with all extensions, renewals, modifications or substitutions.

37.     The Note 42042 Deed of Trust specifically provides that the lien contained therein is secondary and inferior to the lien securing Note 51984.

38.     To further secure payment of Note 42042, and to induce Movant to make the loan to Wyndehaven, Wyndehaven executed an instrument captioned, "Security Agreement" ("Note 42042 Security Agreement"), granting to Movant a security interest in the personal property owned by Wyndehaven, described as accounts; fixtures; inventory; equipment; general intangibles, including payment intangibles; supporting obligations; and proceeds and products of the foregoing ("Wyndhaven Personal Property").

MOTION OF TRUSTMARK NATIONAL BANK FOR RELIEF FROM THE STAY (Non-Standard)          page 7

39.    A true and correct copy of the Note 42042 Security Agreement is attached hereto, marked as Exhibit "12" and incorporated by reference herein.

40.    Note 42042 Security Agreement specifically secures payment of Note 42042, with all renewals, rearrangements, extensions and/or modifications of Note 42042, and further secures Wyndehaven's other present future obligations to Movant, all amounts owed under any modifications, renewals, or extensions, all other amounts now or in the future owed by Wyndehaven to Movant, and any of the foregoing that arise after the filing of a petition by or against Wyndehaven under the Bankruptcy Code.

41.    To further secure payment of Note 42042, and to induce Movant to make the loan to Wyndehaven, Merih Zapata executed an instrument captioned, "Assignment of Rents and Leases" ("Note 42042Assignment of Rents") dated April 17, 2002, assigning to Movant all rents, revenues and any other income of the Mortgaged Real Property, and all the Leases and any other agreements for the use or occupancy of all or any part of the Mortgaged Real Property.

42.    A true and correct copy of the Note 42042 Assignment of Rents is attached hereto, marked as Exhibit "13" and incorporated by reference herein.

43.    On April 17, 2002, to induce Movant to make the loan to Wyndehaven, the Zapatas executed an Unconditional Guarantee ("Note 42042 Guarantee"), wherein Zapatas agreed that in the event of default in the payment at maturity, Zapatas, jointly and severally, absolutely and unconditionally, guarantee the prompt, complete and full payment at maturity of all sums owing and to be owing on Note 42042, including interest and attorney's fees.

44.    A true and correct copy of the Note 42042 Guarantee is attached hereto, marked Exhibit "14", and incorporated by reference herein.

45.     There is now Note 42642 Guaranty to the Movant by Wyndehaven on Note 42042, and by Zapatas on Note 42042 Guaranty, jointly and severally, an unpaid principal balance of $9,263.33.

46.     Movant is currently the legal owner and holder of Note 42042, Note 42042 Deed of Trust, Note 42042 Security Agreement, Note 42042 Assignment of Rents, and Note 42042 Guarantee.

47.     Merih Zapata is the current owner of record of the Mortgaged Real Property.

48.     Wyndehaven is in default on its obligation to Movant in that Wyndehaven failed to make payment when due pursuant to the terms of Note 42042.

49.     Zapatas are in default on their obligation to Movant under Note 42042 Guarantee in that they have failed to make payment when due pursuant to the terms of Note 42042 and Note 42042 Guarantee.

50.     A copy of the Account Payment History evidencing the nonpayment of Note 42042 is attached as Exhibit "15".

**Secured Debt: Note 51841**

51.     On March 4, 2003, Zapatas executed in Harris County, Texas, a Balloon Real Estate Lien Note ("Note 51841") where Zapatas promised to pay the sum of $470,000.00, plus a variable rate of interest on the unpaid principal balance.

52.     Pursuant to Note 51841, Zapatas agreed to make payment of Note 51841 on demand, if demand is not earlier made, the entire unpaid balance of principal and interest shall be due and payable in full on September 4, 2003.

53.     A true and correct copy of the Note 51841 is attached hereto, marked Exhibit "16", and incorporated by reference herein.

54.     Pursuant to the terms and conditions of the Note 51841, in the event of default in the payment of Note 51841 or in the performance of any obligation in any instrument securing or executed in connection with Note 51841, Note 51841 will become immediately due and payable at the election of the payee.

55.     On March 4, 2003, to further secure payment of the Note 51841, and to induce Movant to make the loan to Zapatas, Merih Zapata executed an instrument captioned, "Deed of Trust and Security Agreement" ("Note 51841 Deed of Trust"), granting to Movant lien upon the Mortgaged Real Property.

56.     A true and correct copy of the Note 51841 Deed of Trust bearing the Harris County Clerk's document number W485398, and recorded on March 10, 2003, is attached hereto, marked Exhibit "17", and incorporated by reference herein.

57.     The Note 51841 Deed of Trust specifically defines as "Secured Debt" the Note 51841, with all extensions, renewals, modifications or substitutions.

58.     To further secure payment of Note 51841, and to induce Movant to make the loan to Zapatas, Merih Zapata executed an instrument captioned, "Assignment of Rents and Leases" ("Note 51841 Assignment of Rents") dated March 4, 2003, assigning to Movant all rents, revenues and any other income of the Mortgaged Real Property, and all the Leases and any other agreements for the use or occupancy of all or any part of the Mortgaged Real Property.

59.     A true and correct copy of the Note 51841 Assignment of Rents is attached hereto, marked as Exhibit "18" and incorporated by reference herein.

60.    On or about October 8, 2003, Zapatas executed in Harris County, Texas, a Modification Agreement ("Note 51841 Modification") in which the note payment schedule was modified and the maturity date of Note 51841 was extended to November 4, 2003.

61.    A true and correct copy of the Note 51984 Modification is attached hereto, marked as Exhibit "19" and incorporated by reference herein.

62.    On October 8, 2003, Wyndehaven executed a Guaranty Agreement ("Note 51841 First Guaranty"), wherein Wyndehaven agreed that in the event of default in the payment at maturity, Wyndehaven, absolutely and unconditionally, guarantees the prompt, complete and full payment at maturity of all sums owing and to be owing on Note 51841 including interest and attorney's fees.

63.    A true and correct copy of Note 51841 First Guaranty is attached hereto, marked as Exhibit "20" and incorporated by reference herein.

64.    On January 6, 2004, Zapatas executed in Harris County, Texas, a Letter Loan Agreement ("Note 51841 Loan Agreement") where Zapatas promised to pay the sum of $470,000.00, plus a variable rate of interest on the unpaid principal balance.

65.    Pursuant to Note 51841 Loan Agreement, Zapatas agreed to make payment of Note 51841 on demand, if demand is not earlier made, the entire unpaid balance of principal and interest shall be due and payable in full on January 6, 2029.

66.    A true and correct copy of the Note 51841 Loan Agreement is attached hereto, marked Exhibit "21", and incorporated by reference herein.

67.     On January 6, 2004, to further secure payment of the Note 51841, Merih Zapata executed an instrument captioned, "Deed of Trust and Security Agreement" ("Note 51841 Second Deed of Trust"), granting to Movant lien upon the Mortgaged Real Property.

68.     A true and correct copy of the Note 51841 Second Deed of Trust bearing the Harris County Clerk's document number X315670, and recorded on January 9, 2004, is attached hereto, marked Exhibit "22", and incorporated by reference herein.

69.     The Note 51841 Second Deed of Trust specifically defines as "Secured Debt" the Note 51841 Loan Agreement, with all extensions, renewals, modifications or substitutions.

70.     To further secure payment of Note51841, Wyndehaven executed an instrument captioned, "Security Agreement" ("Note 51841 Security Agreement"), granting to Movant a security interest in the personal property owned by Wyndehaven, described as accounts; fixtures; inventory; equipment; general intangibles, including payment intangibles; supporting obligations; and proceeds and products of the foregoing ("Wyndhaven Personal Property").

71.     A true and correct copy of the Note 51841 Security Agreement is attached hereto, marked as Exhibit "23" and incorporated by reference herein.

72.     Note 51841 Security Agreement specifically secures payment of Note 51841 Loan Agreement, with all renewals, rearrangements, extensions and/or modifications of Note 51841, and further secures Zapatas' other present future obligations to Movant, all amounts owed under any modifications, renewals, or extensions, all other amounts now or in the future owed by Zapatas to Movant, and any of the foregoing that arise after the filing of a petition by or against Zapatas under the Bankruptcy Code.

73.     On January 6, 2004, Wyndehaven executed a Guaranty Agreement ("Note 51841 Second Guaranty"), wherein Wyndehaven agreed that in the event of default in the payment at maturity, Wyndehaven, absolutely and unconditionally, guarantees the prompt, complete and full payment at maturity of all sums owing and to be owing on Note 51841 including interest and attorney's fees.

74.     A true and correct copy of Note 51841 Second Guaranty is attached hereto, marked as Exhibit "24" and incorporated by reference herein.

75.     There is now due and owing to the Movant by Zapatas on Note 51841, and Wyndehaven on Note 51841 First Guarantee and Note 51841 Second Guaranty, jointly and severally, an unpaid principal balance of $462,329.44.

76.     Movant is currently the legal owner and holder of Note 51841, Note 51841 Deed of Trust, Note 51841 Assignment of Rents, Note 51841 Modification, Note 51841 First Guaranty, Note 51841 Loan Agreement, Note 51841 Second Deed of Trust, Note 51841 Security Agreement, and Note 51841 Second Guaranty.

77.     Merih Zapata is the current owner of record of the Mortgaged Real Property.

78.     Debtors are in default on its obligation to Movant in that Debtors failed to make payment when due pursuant to the terms of Note 51841 as extended and modified.

79.     Wyndehaven is in default on its obligation to Movant in that Wyndehaven failed to make payment when due pursuant to the terms of Note 51841 First Guaranty and Note 51841 Second Guaranty.

80.     A copy of the Account Payment History evidencing the nonpayment of Note 51841 is attached as Exhibit "25".

### Secured Guaranteed Debt: Note 42642

81.     On or about October 31, 2003, Wyndehaven executed in Harris County, Texas, a Promissory Note ("Note 42642") where Wyndehaven promised to pay the sum of $60,000.00, plus a variable rate of interest on the unpaid principal balance.  Wyndehaven agreed to pay the entire unpaid balance of principal and interest seven (7) years from the date of Note 42642 or on October 31, 2010.

82.     A true and correct copy of the Note 42642 is attached hereto, marked Exhibit "26", and incorporated by reference herein.

83.     Pursuant to the terms and conditions of the Note 42642, in the event of default in the payment of Note 42642 or in the performance of any obligation in any instrument securing or executed in connection with Note 42642, Note 42642 will become immediately due and payable at the election of the payee.

84.     On October 31, 2003, to further secure payment of the Note 42642, and to induce Movant to make the loan to Wyndehaven, Debtors executed an instrument captioned, "Deed of Trust and Security Agreement" ("Note 42642 Deed of Trust"), granting to Movant lien upon the Mortgaged Real Property.

85.     A true and correct copy of the Note 42642 Deed of Trust bearing the Harris County Clerk's document number X173154, and recorded on November 7, 2003, is attached hereto, marked Exhibit "27", and incorporated by reference herein.

86.     The Note 42642 Deed of Trust specifically defines as "Secured Debt" the Note 42642, with all extensions, renewals, modifications or substitutions.

87.     The Note 42642 Deed of Trust specifically provides that the lien contained therein is secondary and inferior to the liens securing Note 51984, Note 42042 and Note 51841.

88.     To further secure payment of Note 42642, Wyndehaven executed an instrument captioned, "Security Agreement" ("Note 42642 Security Agreement"), granting to Movant a security interest in the personal property owned by Wyndehaven, described as accounts; fixtures; inventory; equipment; general intangibles, including payment intangibles; supporting obligations; and proceeds and products of the foregoing ("Wyndhaven Personal Property").

89.     A true and correct copy of the Note 42642 Security Agreement is attached hereto, marked as Exhibit "28" and incorporated by reference herein.

90.     On October 31, 2003, to induce Movant to make the loan to Wyndehaven, Zapatas executed an instrument captioned, "Guaranty Agreement" ("Note 42642 Guaranty"), wherein Zapatas agreed that in the event of default in the payment at maturity, Zapatas, jointly and severally, absolutely and unconditionally, guaranteed the prompt, complete and full payment at maturity of all sums owing and to be owing on Note 42642, including interest and attorney's fees.

91.     A true and correct copy of the Note 42642 Guaranty is attached hereto, marked Exhibit "29", and incorporated by reference herein.

92.     There is now due and owing to the Movant by Wyndehaven on Note 42642, and by Zapatas on Note 42642 Guaranty, jointly and severally, an unpaid principal balance of $28,200.72.

93.     Movant is currently the legal owner and holder of Note 42642, Note 42642 Deed of Trust, Note 42642 Security Agreement, and Note 42642 Guaranty.

94.     Merih Zapata is the current owner of record of the Mortgaged Real Property.

95.      Wyndehaven is in default on its obligation to Movant in that Wyndehaven failed to make payment when due pursuant to the terms of Note 42642.

96.      Zapatas are in default on their obligation to Movant under Note 42642 Guaranty in that they have failed to make payment when due pursuant to the terms of Note 42642 and Note 42642 Guaranty.

97.      A copy of the Account Payment History evidencing the nonpayment of Note 42642 is attached as Exhibit "30".

98.      **Owner and Holder of Notes.**  On August 25, 2006, Movant acquired Republic National Bank, including the all of the promissory notes, deeds of trust, security agreements and guaranties made subject of the claims asserted herein.  Movant became and is now the owner and holder of all of the promissory notes, deeds of trust, security agreements and guaranties made subject of the claims asserted herein, and is entitled to payment thereunder, and to enforce the terms and conditions of said instruments and documents.

## Grounds for Termination of Stay

99.      Movant requests that the Honorable Court terminate the automatic stay pursuant to the provisions of the Bankruptcy Code to allow Movant to exercise all of its rights and remedies against the Debtor under state law, including, inter alia, foreclosing its lien on the Mortgaged Real and Personal Property.

100.     Movant alleges that the Debtors have no ability to effectively reorganize.

101.     Due to current economic conditions, the value of the Mortgaged Real Property has substantially depreciated over the past twelve months.  Movant alleges that Debtor Merih Zapata has

no equity in the Mortgaged Real Property; and the Mortgaged Real Property is not necessary to an effective reorganization.

102.    Movant further alleges that the stay should be lifted for cause due to Debtors' inability to provide adequate protection of Movant's interest in the Mortgaged Real Property.

103.    Movant further alleges that the stay should be lifted for cause due to the failure of Wyndehaven to pay to Merih Zapata post-petition rents on the Mortgaged Real Property as the rental payments became due.

104.    Schedule G "Executory Contracts and Unexpired Leases" filed by Wyndehaven on December 21, 2009 [Doc. 30], states that the Mortgaged Real Property is leased from Merih Zapata.

105.    The Statement of Financial Affairs filed by the Zapatas on October 20, 2009, states that the Zapatas received $82,669.00 in rental income during the year 2008, and $23,891.90 in rental income during the year 2009 to the date of filing of their voluntary petition.

106.    Neither Wyndehaven nor the Zapatas have made any payment to Trustmark since well before the filing of their voluntary petitions.

107.    The monthly operating reports filed by Wyndehaven do not reflect payment of any rent for the use of the Mortgaged Real Property. *See*, Doc. Nos. 48, 57, 61, 64, 78, 90, 89.

108.    The monthly financial report filed by the Zapatas for the month of October 2009 [Doc. No. 35 - incorrectly stating "November 2009"] reflects receipt of $2,389.19 for rent during the first seven days of October 2009, but no rental income is disclosed on any monthly financial report filed for the period November 2009 to June 2010. *See*, Doc. Nos. 35, 36, 51, 56, 66, 93, 94, 95.

109.    The monthly operating reports filed by Wyndehaven demonstrate that it does not have sufficient income to pay rent or provide any debt service payment to Movant; therefore, there is no

reasonable likelihood that Wyndhaven will be able to propose a confirmable plan of reorganization.

110.   Movant requests that an Order granting its motion for relief from automatic stay, if such Order should be entered, will be effective immediately upon entry and, pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, enforcement of such Order will not be stayed until the expiration of ten days after entry of the Order.

WHEREFORE, PREMISES CONSIDERED, Movant TRUSTMARK NATIONAL BANK, *formerly known as* REPUBLIC NATIONAL BANK, *and successor in interest to* HOUSTON SAVINGS BANK, FSB and ALLIED HOUSTON BANK, prays that upon final hearing of this Motion for Relief From Stay, the Stay issued pursuant to 11 U.S.C. §362 be lifted or modified to permit Movant to foreclose the security interest in said collateral referred to above, or that the stay be conditioned upon the providing of adequate protection in the form of payments or insurance and further, that the Movant have such other further relief, legal and equitable, to which it may be justly entitled.

Respectfully submitted this 6TH day of August 2010.

/S/ Donald L. Turbyfill
DONALD L. TURBYFILL
State Bar of Texas # 20296380
4801 Woodway, Suite 420 West
Houston, Texas 77056-1805
(713) 622-8338 (Phone)
(713) 586-7053 (Fax)
dturbyfill@dntlaw.com (E-mail)
ATTORNEY FOR MOVANT
TRUSTMARK NATIONAL BANK
*formerly known as*
REPUBLIC NATIONAL BANK

## CERTIFICATE OF CONFERENCE

The undersigned does hereby certify that beginning on July 28, 2010, he conferred with counsel for Debtors regarding the relief requested herein. The undersigned counsel hereby certifies that as of the date of the filing of this motion, the parties were unable to reach any agreement on the relief requested herein.

/S/ Donald L. Turbyfill
DONALD L. TURBYFILL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| | § | UNDER |
| JOSEPH V. ZAPATA and | § | CASE NO. 09-37614-H3-11 |
| MERIH O. ZAPATA | § | |
| Debtors | § | CHAPTER 11 |
| and | § | |
| WYNDEHAVEN TERRACE BANQUET | § | CASE NO. 09-39354 |
| FACILITIES, INC. | § | |
| Debtor | § | |

PROOF OF SERVICE OF
**MOTION OF TRUSTMARK NATIONAL BANK FOR RELIEF FROM THE STAY**

I, DONALD L. TURBYFILL, on behalf of TRUSTMARK NATIONAL BANK, Movant, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on the 6TH day of August, 2010, I served a copy of the Motion For Relief From Stay filed by the Movant Trustmark National Bank, **BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID OR BY ELECTRONIC MAIL,** upon the respondents at their addresses listed below:

**(1) Counsel for Debtors (via e-mail and regular first-class mail):**

COREY L. MILLS
P. BLAKE HENSHAW
MILLS & HENSHAW, P.L.L.C.
11767 KATY FREEWAY, SUITE 820
HOUSTON, TEXAS 77079
(281) 497-2650 [PHONE]
(281) 497-2690 [FACSIMILE]
ATTORNEYS FOR ZAPATAS

MARGARET McCLURE
ATTORNEY AT LAW
909 FANNIN, SUITE 3810
HOUSTON, TEXAS 77010
(713) 659-1333 [PHONE]
(713) 658-0334 [FACSIMILE]
ATTORNEY FOR WYYNDEHAVEN TERRACE BANQUET FACILITIES, INC.

**(2) Debtors (by regular first-class mail):**

JOSEPH V. ZAPATA
12716 CUTTEN ROAD
HOUSTON, TEXAS 77066

MERIH O. ZAPATA
12716 CUTTEN ROAD
HOUSTON, TEXAS 77066

WYNDEHAVEN TERRACE BANQUET FACILITIES, INC.
12716 CUTTEN ROAD
HOUSTON, TEXAS 77066

**(3) Chapter 11 Trustee (via e-mail and regular first class mail):**

ELLEN MARESH HICKMAN
515 RUSK ST., SUITE 3516
HOUSTON, TEXAS 77002

NANCY HOLLEY
515 RUSK ST., SUITE 3516
HOUSTON, TEXAS 77002

**(3) Parties Requesting Notice as shown on Exhibit "A"**
   **(by regular first-class mail or via e-mail)**

**(4) 20 Largest Unsecured Creditors as shown on Exhibit "B"**
   **(by regular first class mail)**

THIS  REPRESENTS ALL PARTIES ENTITLED TO NOTICE UNDER LOCAL RULE 4001.


Date: August 6, 2010                    */S/ Donald L. Turbyfill*_____
                                        DONALD L. TURBYFILL
                                        Attorney for Movant
                                        State Bar of Texas # 20296380
                                        4801 Woodway, Suite 420 West
                                        Houston, Texas 77056-1805
                                        (713) 622-8338 [PHONE]
                                        (713) 586-7053 [FACSIMILE]
                                        dturbyfill@dntlaw.com [E-MAIL]