IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| | § | UNDER |
| JOSEPH V. ZAPATA and | § | CASE NO. 09-37614-H3-11 |
| MERIH O. ZAPATA | § | |
|    Debtors | § | CHAPTER 11 |
| and | § | |
| WYNDEHAVEN TERRACE BANQUET | § | CASE NO. 09-39354-H3-11 |
| FACILITIES, INC. | § | |
|    Debtor | § | |

**TRUSTMARK NATIONAL BANK's OBJECTION TO DEBTORS' EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 1121 AND 1129(e) FOR THE COURT TO CONDITIONALLY APPROVE THE DEBTORS' DISCLOSURE STATEMENT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, TRUSTMARK NATIONAL BANK, *formerly known as* REPUBLIC NATIONAL BANK, *and successor in interest to* ALLIED HOUSTON BANK, *formerly known as* HOUSTON SAVINGS BANK, FSB ("Trustmark"), creditor and party in interest by and through its attorney, and files this Objection to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 1121 and 1129(e) for the Court to Conditionally Approve the Debtors' Disclosure Statement filed by Debtors WYNDEHAVEN TERRACE BANQUET FACILITIES, INC., JOSEPH V. ZAPATA, and MERIH O. ZAPATA by which it would respectfully show the Court as follows:

1.    Debtors JOSEPH V. ZAPATA and MERIH O. ZAPATA (hereinafter collectively, "Zapatas"), filed a Petition for Relief under Title 11, Chapter 11 of the United States Bankruptcy Code on October 6, 2009.

2. Debtor WYNDEHAVEN TERRACE BANQUET FACILITIES, INC. ("Wyndehaven"), filed a Petition for Relief under Title 11, Chapter 11 of the United States Bankruptcy Code on December 7, 2009.

3. Zapatas and Wyndehaven are referred to hereinafter jointly as "Debtors".

4. On August 9, 2010, Debtors filed their Disclosure Statement ("Disclosure Statement") in support Debtors' Plan of Reorganization. [Docket No 98.]

5. On August 19, 2010, Debtors filed their Supplement to Disclosure Statement ("Supplement") in support Debtors' Plan of Reorganization. [Docket No 108.]

6. On January 21, 2010, Trustmark filed secured proofs of claim in the total amount of $886,291.89 [Claim Nos. 15, 16, 18, 19, 20].

7. Trustmark's claims in this matter relate to several promissory notes executed by Debtors and secured by security interest in real property described as follows:

> A TRACT OF LAND CONTAINING 3.0 ACRES OF LAND OUT OF LOTS 7 AND 8, IN BLOCK 1 OF INDEPENDENCE GROVE, IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 3, PAGE 39A OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS, and commonly known as 12716 Cutten Road, Houston, Harris County, Texas (referred to hereinafter as "Mortgaged Real Property").

8. Wyndehaven conducts its business from the Mortgaged Real Property, which is owned by Merih Zapata.

9. To secure repayment of a promissory note in the original principal amount of $470,000.00, on January 6, 2004, Merih Zapata executed an Assignment of Rents and Leases,

absolutely and unconditionally assigning (i) all rents, revenue and any other income from the Mortgaged Real Property; and (ii) all leases on the property.

10. On information and belief, by a written lease dated March 5, 2009, Merih Zapata leased the Mortgaged Real Property to Wyndehaven for a term of five years commencing March 1, 2009 for a monthly base rent of $2,389.19 per month.

11. Wyndehaven has neither assumed or rejected the March 5, 2009 lease.

12. Trustmark objects to Debtors' Emergency Motion for the Court to conditionally approve Debtors' Disclosure Statement and Supplement in that Debtors' Disclosure Statement fails provide adequate information.

13. A debtor's disclosure statement for a proposed plan of reorganization must contain "adequate information" in order for it to be approved by the court—that is, information of a kind, and in sufficient detail, that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan. 11 U.S.C. § 1125(a)(1) (2009).

14. Mere allegations or opinions, unsupported by factual information, do not meet the required standard. *In re Civitella*, 15 B.R. 206, 208 (Bankr. E.D.Pa. 1981).

15. The disclosure statement is intended to be a source of factual information upon which one can make an informed judgment about a reorganization plan. *In re Egan*, 33 B.R. 672, 676 (Bankr,. N.D. Ill. 1983).

16. Debtors' Disclosure Statement states that "Wyndehaven anticipates increased usage of its facilities in any given month, thus increased revenues sufficient to fund its plan of reorganization." *See* Debtor's Disclosure Statement at p. 9.

17. Debtors' Disclosure Statement bases this assumption on their plans to increase web marketing, their plans to install room dividers to accept smaller parties, and their plans to use on-site limousines to compete with high-end wedding packages. *See* Debtor's Disclosure Statement at p. 9.

18. The statement that Debtors anticipate increased usage of the facilities is based on Debtors' mere allegations or opinions, unsupported by factual information.

19. Debtor's proposed business plan further includes projected profit and loss statements, including in its operating expenses, projected rent payments of $66,000.00 in Fiscal Year 2011. [Docket No. 98-4, p. 16.]

20. The Statement of Financial Affairs filed by the Zapatas on October 20, 2009, states that the Zapatas received $82,669.00 in rental income during the year 2008, and $23,891.90 in rental income during the year 2009 to the date of filing of their voluntary petition.

21. But, neither Wyndehaven nor the Zapatas have made any payment to Trustmark since well before the filing of their voluntary petitions.

22. Further, the monthly operating reports filed by Wyndehaven do not reflect payment of any rent for the use of the Mortgaged Real Property. [Doc. Nos. 48, 57, 61, 64, 78, 90, 89.]

23. The monthly financial report filed by the Zapatas for the month of October 2009 [Doc. No. 35 - incorrectly stating "November 2009"] reflects receipt of $2,389.19 for rent during the first seven days of October 2009, but no rental income is disclosed on any monthly financial report filed for the period November 2009 to June 2010. [Doc. Nos. 35, 36, 51, 56, 66, 93, 94, 95.]

24. The monthly operating reports filed by Wyndehaven demonstrate that it does not have sufficient income to pay rent; therefore, there is no reasonable likelihood that Wyndhaven will be able to propose a confirmable plan of reorganization.

25. Debtors' Disclosure Statement makes naked assertions without factually supported expectations as to the future course of the business so that it is impossible to determine whether the plan of reorganization is feasible. *See Egan*, 33 B.R. at 676.

26. Thus, Debtors' Disclosure Statement fails to provide adequate information as required under 11 U.S.C. § 1125(a)(1), and this Court should not approve the adequacy of the Disclosure Statement.

27. Further, any rents paid for the lease of the Mortgaged Real Property are subject to a security interest in favor of Trustmark created prior to the commencement of this bankruptcy proceeding, and are considered "cash collateral" pursuant to 11 U.S.C. § 363.

28. Trustmark's security interest extends to such rents acquired by the bankruptcy estate after the commencement of the case. 11 U.S.C. § 552(b)(2).

29. To the extent that Merih Zapata is collecting rents from Wyndehaven that are not being paid to Trustmark, then Merih Zapata is improperly using Trustmark's cash collateral, having failed to obtain Trustmark's consent or obtain approval of the court. 11 U.S.C. §363(c)(2).

30. To the extent that Wyndehaven has not paid post-petition rent to Merih Zapata, then Wyndehaven has failed to perform its duties under the March 5, 2009 lease.

31. Wyndehaven, having failed to assume the March 5, 2009 lease within 120 days of the date of the order for relief in its Chapter 11 case, has been deemed to have rejected the March 5, 2009 lease and must immediately surrender the Mortgaged Real Property to Merih Zapata. 11 U.S.C. §365(d)(4)(A).

32. For these reasons, Trustmark moves this court, in the alternative, to dismiss the Debtors' bankruptcy cases.

WHEREFORE, PREMISES CONSIDERED, TRUSTMARK NATIONAL BANK, creditor and party in interest herein, moves that this Court deny the approval of the adequacy of Debtors' Disclosure Statement, or in the alternative, that this Court enter an order an order dismissing the Debtors' cases, and that Trustmark have such other further relief, legal and equitable, to which it may be justly entitled.

Respectfully submitted this 26th day of August, 2010.

                                           */s/ Donald L. Turbyfill*
                                           DONALD L. TURBYFILL
                                           State Bar of Texas # 20296380
                                           DEBORAH C. S. RIHERD
                                           State Bar of Texas # 24038904

    4801 Woodway, Suite 420 West
    Houston, Texas 77056-1805
    (713) 622-8338 (Phone)
    (713) 586-7053 (Fax)
    dturbyfill@dntlaw.com (E-mail)
    ATTORNEYS FOR CREDITOR
    AND PARTY IN INTEREST
    TRUSTMARK NATIONAL BANK

## CERTIFICATE OF SERVICE

I, DEBORAH C. S. RIHERD, certify that on the 26th day of August, 2010, I served a copy of the foregoing instrument **BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID, BY ECF NOTICING, OR ELECTRONIC MAIL,** upon the respondents at their addresses listed below, as follows

(1) Counsel for Debtors (via ECF or e-mail):

COREY L. MILLS
P. BLAKE HENSHAW
MILLS & HENSHAW, P.L.L.C.
11767 KATY FREEWAY, SUITE 820
HOUSTON, TEXAS 77079
(281) 497-2650  [PHONE]
(281) 497-2690 [FACSIMILE]
ATTORNEYS FOR ZAPATAS

MARGARET McCLURE
ATTORNEY AT LAW
909 FANNIN, SUITE 3810
HOUSTON, TEXAS 77010
(713) 659-1333 [PHONE]
(713) 658-0334 [FACSIMILE]
ATTORNEY FOR WYYNDEHAVEN TERRACE BANQUET FACILITIES, INC.

**(2) Debtors (by regular first-class mail):**

JOSEPH V. ZAPATA
12716 CUTTEN ROAD
HOUSTON, TEXAS 77066

MERIH O. ZAPATA
12716 CUTTEN ROAD
HOUSTON, TEXAS 77066

WYNDEHAVEN TERRACE BANQUET FACILITIES, INC.
12716 CUTTEN ROAD
HOUSTON, TEXAS 77066

**(3) Chapter 11 Trustee (via ECF or e-mail):**

ELLEN MARESH HICKMAN
515 RUSK ST., SUITE 3516
HOUSTON, TEXAS 77002

NANCY HOLLEY
515 RUSK ST., SUITE 3516
HOUSTON, TEXAS 77002

**(3) Parties Requesting Notice as shown on Exhibit "A"**
    **(by regular first-class mail or via e-mail)**

**(4) 20 Largest Unsecured Creditors as shown on Exhibit "B"**
    **(by regular first class mail)**

                                            */s/ Deborah C. S. Riherd*
                                            DEBORAH C. S. RIHERD